**Opinion issued July 7, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-24-00637-CV**

_____

**IN RE THE COMMITMENT OF GERALD LEE RICKS**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 23-CV-1439**

---

**CONCURRING OPINION**

I join the panel opinion, which faithfully applies both the *Jackson v. Virginia*[1] standard for legal sufficiency as well as Texas's state-law factual-sufficiency standard. The requirement to do the latter comes from *In re Commitment of*

---

[1] 443 U.S. 307 (1979).

*Stoddard*.[2] I write separately to urge the Supreme Court to revisit *Stoddard*. Based on a misunderstanding of criminal sufficiency review, *Stoddard* held that a separate factual-sufficiency review was needed because factual-sufficiency review looked at matters not considered in a *Jackson* sufficiency review. That was incorrect. The factual-sufficiency standard is subsumed within the *Jackson* standard; thus, evidence that passes *Jackson* has passed factual-sufficiency review. Requiring intermediate courts to do a factual-sufficiency analysis after the evidence has passed the *Jackson* test is a waste of public resources and an invitation to activism.

The *Jackson* standard is the controlling standard for legal sufficiency in criminal cases. Under that standard, the reviewing court asks "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original).

Although likely not required by federal law, Texas appellate courts apply the *Jackson* standard to cases involving the civil commitment of sexually violent predators, which, like criminal cases, require proof beyond a reasonable doubt. *See, e.g.*, *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont

---

[2]     619 S.W.3d 665 (Tex. 2020).

2002, pet. denied);[3] *In re Commitment of Stuteville*, 463 S.W.3d 543, 551 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *In re Commitment of Johnson*, 613 S.W.3d 613, 622 (Tex. App.—San Antonio 2020, pet. denied).

In *Stoddard*, the Second Court applied the *Jackson* standard and concluded the evidence was legally sufficient to support the commitment. *In re Commitment of Stoddard*, 601 S.W.3d 879, 891 (Tex. App.—Fort Worth 2019), *rev'd,* 619 S.W.3d 665 (Tex. 2020). It then conducted a factual sufficiency analysis and, after reviewing several non-elemental factors, concluded the evidence was factually insufficient. *Id.* at 891-98.

The Supreme Court granted the State's petition for review, which attacked the Second Court's factual-sufficiency analysis but also asked the Supreme Court to stop requiring a separate factual-sufficiency review in civil cases that use the beyond-a-reasonable-doubt standard. The State's argument was based on *Brooks v. State*,[4] a 2010 Court of Criminal Appeals decision that abolished the use of a separate factual sufficiency review in criminal cases. Among other bases for its decision, *Brooks* had reasoned that because the *Jackson* standard already required courts to analyze the reasonableness of believing certain evidence, *Jackson* "essentially incorporates a

---

3    Because Montgomery County was the exclusive venue for civil commitment cases involving sexually violent predators until 2015, most of the case law comes from the Ninth Court.

4    323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.).

factual-sufficiency review." *Brooks*, 323 S.W.3d at 902 n.19. Judge Cochran wrote

a concurring opinion explaining why evidence that passes the *Jackson* test will pass

any sufficiency test:

> In criminal cases, only that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction. There is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*. All civil burdens of proof and standards of appellate review are lesser standards than that mandated by *Jackson*.

*Id*. at 917 (Cochran, J., concurring).

Without addressing these observations from *Brooks*, *Stoddard* rejected the

State's argument, holding that factual-sufficiency review had independent

importance even after the evidence had passed the *Jackson* test. The court gave two

reasons for this, one of which was factually wrong and the other is a distinction

without a difference. *Stoddard's* reasoning on this point is in a single paragraph,

which I will quote in full, minus some citations and highlighting the factual

misstatement:

> The State argues that, because a factual-sufficiency review in the civil context similarly requires deference to a jury's credibility and weight determinations, it is similarly indistinguishable from a legal-sufficiency review. We disagree. It is true that in both types of review the appellate court may not ignore "undisputed facts that do not support the finding" and must otherwise presume the factfinder resolved disputed evidence in favor of the finding if a reasonable factfinder could do so. *See* [*In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)]. **As discussed, however, disputed evidence that a reasonable factfinder could *not* have**

4

**credited in favor of the finding is treated differently. In a legal-sufficiency review, the court disregards such evidence in determining whether a rational factfinder could find the statutory SVP elements beyond a reasonable doubt.** *Id.* In a factual-sufficiency review, the court considers whether that evidence, in light of the entire record, is so significant that the factfinder could not have determined beyond a reasonable doubt that the statutory elements were met. *See id.*

*Stoddard*, 619 S.W.3d at 675–76 (emphasis added, some citations omitted).

I do not know where the Supreme Court got the idea that *Jackson* review "disregards" evidence. *Jackson* was emphatic that it required review of "*all of the evidence.*" *Jackson*, 443 U.S. at 319 (emphasis in original). In *Brooks*, both the plurality and the concurring opinions consistently stated that *Jackson* required review of all the evidence. *See Brooks*, 323 S.W.3d at 899 ("It is fair to characterize the *Jackson v. Virginia* legal-sufficiency standard as: Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt."); *id.* at 916 (Cochran, J., concurring) (noting *Jackson's* requirement to consider "*all of the evidence*").

The citations to *J.F.C.* do not show that *Jackson* review "disregards" evidence. On the cited page, *J.F.C.* used *Jackson* as persuasive authority for why the traditional "no evidence" sufficiency standard was inappropriate for cases involving the heightened "clear and convincing" burden of proof. *J.F.C.*, 96 S.W.3d at 265-66. It was the traditional "no evidence" standard that disregarded contrary evidence; *J.F.C.* understood that *Jackson* required review of all the evidence.

To be sure, most criminal sufficiency opinions don't spend much time talking about adverse evidence. But that's not because the court and parties "disregarded" the adverse evidence; it's because most pro-defendant evidence in a criminal trial is credibility-based. Thus, on sufficiency review, the courts defer to the jury's implied credibility findings and do not give that evidence probative weight.[5] That's how credibility-based evidence would be handled in a civil factual-sufficiency review as well.

What about pro-defendant evidence that a jury could not rationally disregard? There isn't much of that in a typical criminal trial. Ordinarily, it's the State that has objective evidence—video, forensic testing, fingerprints, etc.—and the State can't appeal from an adverse verdict, so questions like, "What if a jury disregards conclusive DNA evidence proving the defendant's guilt?" do not appear in the case law. In cases where the defendant has objective evidence of innocence, prosecutors rarely go to trial, and even more rarely obtain convictions. But to address such a

---

[5]    An example of a court explicitly conducting this analysis is *Melgar v. State*, 593 S.W.3d 913 (Tex. App.—Houston [14th Dist.] 2020), *pet. dism'd as improvidently granted*, No. PD-0243-20, 2022 WL 2240263 (Tex. Crim. App. June 22, 2022). In that case the defendant produced a fair amount of defensive evidence and argued on appeal that her defensive theory was sufficiently strong that a rational juror could not have believed the evidence of guilt beyond a reasonable doubt. In its *Jackson* analysis, the Fourteenth Court did not disregard that evidence, as suggested by *Stoddard*, but instead analyzed the defensive evidence and explained that the defensive theory required inferences that the jury was not obliged to make. *Melgar* affirmed the conviction not by disregarding the defensive evidence but instead by explaining why a rational juror could have declined to give it probative value.

scenario, *Brooks* adopted a hypothetical from an earlier opinion to explain how *Jackson's* rationality requirement takes account of pro-defendant evidence that a jury could not rationally ignore:

> The store clerk at trial identifies A as the robber. A properly authenticated surveillance videotape of the event clearly shows that B committed the robbery. But, the jury convicts A. It was within the jury's prerogative to believe the convenience store clerk and disregard the video. But based on *all* the evidence the jury's finding of guilt is not a rational finding.

*Brooks*, 323 S.W.3d at 907 (quoting *Johnson v. State*, 23 S.W.3d 1, 15 (Tex. Crim. App. 2000) (McCormick, P.J., dissenting)). That review is at least as stringent as a civil factual-sufficiency review would be regarding evidence the jury was not free to disregard.

The second distinction that *Stoddard* appeared to be asserting is a mere difference in phrasing, not substance. *Jackson* explicitly requires looking at the evidence in the light most favorable to the verdict, but the stated standards of factual-sufficiency review do not. That said, Texas factual-sufficiency review still requires deference to the jury's implied credibility findings and weighing of evidence, which is what *Jackson* means by viewing the evidence in the light most favorable to the verdict. A separate factual-sufficiency review adds nothing here either.

This is why *Brooks* concluded that a proper *Jackson* sufficiency review negated the need for a separate factual sufficiency review. A *Jackson* review satisfies any requirement in the Texas constitution for a factual sufficiency review, and then

7

some. *Jackson* is, as Judge Cochran noted, the most stringent appellate standard in American law. Evidence that passes the *Jackson* test will, necessarily, pass any other test.

Requiring appellate courts to conduct duplicative analyses using different words is not harmless. If the Supreme Court insists, rightly or wrongly, that factual-sufficiency review somehow goes beyond *Jackson* review, counsel is well-justified in raising these claims to see if a court will bite. Most individuals adjudged sexually violent predators are going to have appointed counsel. Thus, the situation becomes one where taxpayer dollars are used to pay a lawyer to raise a claim that is functionally duplicative of another, and then to argue that the claims are not duplicative. Then taxpayer dollars will be used to pay a lawyer to respond to those arguments, and to figure out a way that responds to them in different terms. And then taxpayer dollars will be used to pay the various lawyers at the intermediate court to figure out a way to address the claims in separate terms, even though they say the same thing about the same evidence. These expensive word games accomplish nothing and reflect poorly on our judicial system.

Actually, "accomplish nothing" is the best-case scenario. Eventually an intermediate court will bite on one of these arguments, as it did in *Stoddard*. With the Supreme Court and the parties insisting there's a distinction, sooner or later a court will give in to the urge to find *that one special case* where the evidence is

legally sufficient but factually insufficient. Then the Supreme Court will have to either grant review and clarify the standard again, or allow an unjust reversal to stand (*i.e.,* allow a properly adjudged sexually violent predator back on the streets). That's the situation the Court of Criminal Appeals repeatedly found itself in two decades ago. During that court's unhappy fourteen-year experiment with a separate factual-sufficiency review it issued no fewer than four significant clarifications of the standard and received untold hundreds of petitions for discretionary review on the matter.

*Stoddard's* insistence on maintaining a separate factual-sufficiency review was based on an incorrect understanding of the *Jackson* standard. The Court of Criminal Appeals was correct in *Brook's* that *Jackson* included everything that is part of a Texas factual-sufficiency review. The *Jackson* standard is well-developed in case law and is more appropriate than any civil standard for cases where the burden of proof is beyond a reasonable doubt. The Supreme Court should revisit *Stoddard* at its earliest convenience.

Clint Morgan
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

Morgan, J., concurring.